# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3194

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Laura J. Cox, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: March 25, 2011

_____

Before RILEY, Chief Judge, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

On September 9, 2009, the district court[1] sentenced Laura Cox to 70-months' imprisonment following a plea of guilty to one count of possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). Cox appeals, arguing that the imposed within-Guidelines[2] sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]United States Sentencing Guidelines (U.S.S.G.).

As stipulated to in the plea agreement, in 2009, Cox accepted delivery of 1,000 sixty-milligram pseudoephedrine pills in Kennett, Missouri. Prior to her procurement of the pills, Cox made arrangements with a confidential informant (CI) for Cox to provide the pills to an acquaintance of hers in exchange for an amount of methamphetamine for the CI. Cox also expected to receive some methamphetamine as payment for her role in the exchange.

The district court accepted the Guidelines calculation contained in the Presentence Investigation Report (PSR), which included a three-level downward adjustment for acceptance of responsibility. The total offense level was 25 with a criminal history category of III, based upon Cox's prior possession convictions, resulting in an advisory Guidelines range of 70-87 months. The court sentenced Cox to 70 months, the low end of the advisory Guidelines range.

Cox claims that the imposed 70-month sentence is greater than necessary to achieve the sentencing goals set out at 18 U.S.C. § 3553(a). Using empirical evidence, Cox additionally argued to the district court, and argues again on appeal, that U.S.S.G. § 2D1.11,[3] upon which the court relied in arriving at Cox's advisory range, is rejected by many sentencing courts, especially in cases such as this involving low-level drug trafficking felonies, and encourages us to follow suit. Given this evidence, claims Cox, we should also not apply a presumption of reasonableness when we review this within-Guidelines sentence. Cox further claims that in light of the non-violent nature of the offense, her rehabilitative efforts completed just before sentencing, and her particular family circumstances as a mother and caretaker for her grandfather,70-months' imprisonment is substantively unreasonable and merits reversal, with directions to impose a shorter sentence.

---

[3]The offense conduct addressed by U.S.S.G. § 2D1.11 is "Unlawfully Distributing, Importing, Exporting or Possessing a Listed Chemical; Attempt or Conspiracy."

We consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."  Gall v. United States, 552 U.S. 38, 51 (2007).  In the end, even if the appellate court might reasonably conclude that a different sentence is appropriate, it is insufficient to justify reversal of the district court.  Id.

There was no abuse of discretion here.  The court reasonably looked at Cox's instant offense, which occurred *despite* the fact that she had already twice spent time in jail for drug-related offenses, indicating that Cox was aware of the ultimate consequences tied to her chosen criminal actions but was not deterred.  Further, the court looked at Cox's previous completion of in-patient substance-abuse treatment, which, again, did not deter her from engaging in criminal behavior that led to the instant charge.  Given Cox's history, and the fact that nothing to-date had successfully conformed Cox's behavior to a crime-free life, the court reasonably determined that it needed to "get [Cox's] attention."  The court did not overlook or undervalue certain mitigating factors, contrary to Cox's argument.  Nor did the court employ a mechanical approach to Cox's circumstances.  To the contrary, the court reviewed the information contained in the PSR, along with the submitted sentencing memoranda, and letters submitted on Cox's behalf, before imposing its sentence.  And finally, while the empirical evidence regarding nationwide sentencing practices is interesting, if not instructive, the fact that the district court did not find such statistics persuasive enough to deviate below the advisory Guidelines range did not constitute an abuse of the court's considerable discretion.

Accordingly, we affirm.

_____